UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Bankruptcy Under Chapter 7 |
| | ) | |
| DEE A. LAMAN | ) | No. 12-82722 |
| | ) | |
| Debtor. | ) | Judge Thomas M. Lynch |

### NOTICE OF MOTION TO EMPLOY SPECIAL COUNSEL

Megan G. Heeg, Trustee, has filed papers with the Court a Motion to Employ Special Counsel for the Trustee, to employ the law firm of Wexler Wallace LLP. A copy of said Motion referred to herein is available for inspection at the offices of the Clerk of the U.S. Bankruptcy Court or at the offices of Ehrmann Gehlbach Badger Lee & Considine, LLC, during usual business hours.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion and want the Court to consider your views on said Motion, then you or your attorney must:

1. File a written response to the above Motion on or before the date set for the hearing on the Motion at the United States Bankruptcy Court, 327 South Church Street, Rockford, IL 61101; OR,

2. Attend the hearing scheduled to be held on July 6, 2016, at 9:30 A.M. at the United States Bankruptcy Court, Courtroom 3100, 327 South Church Street, Rockford, IL 61101.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

You must also mail a copy to:    Attorney Megan G. Heeg
                                  Ehrmann Gehlbach Badger Lee & Considine, LLC
                                  215 E. First Street
                                  P.O. Box 447
                                  Dixon, IL 61021

If you file a response, attend the hearing on the Motion, scheduled to be held on July 6, 2016, at 9:30 A.M. at the United States Bankruptcy Court, Courtroom 3100, 327 South Church Street, Rockford, IL 61101.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the Motion and grant the same.

Dated:   June 17, 2016.

/s/ Megan G. Heeg
Attorney Megan G. Heeg
Ehrmann Gehlbach Badger Lee & Considine, LLC
215 E. First Street
P.O. Box 447
Dixon, IL 61021

| STATE OF ILLINOIS | ) | | |
|---|---|---|---|
| | ) | SS. | **PROOF OF SERVICE** |
| COUNTY OF LEE | ) | | |

The undersigned, being first duly sworn on oath, deposes and says that she served the within document upon:

Dee A. Laman
5761 Irving Blvd
Machesney Park, IL 61115

VIA ECF Filing
Carole Ryczek, Esq.
United States Trustee's Office
780 Regent Street
Suite 304
Madison, WI 53715

VIA ECF Filing
Joseph Davidson, Esq.
233 S. Wacker Drive
Suite 5150
Chicago, IL 60606

by placing a true and correct copy of said document in an envelope, each addressed as is shown above. (Except for the documents to the U.S. Trustee's office, which should have been served electronically by the Bankruptcy Court).

That she sealed said envelopes and placed sufficient U.S. postage on each; that she deposited said envelopes so sealed and stamped in the United States Mail at Dixon, Illinois, at or about the hour of 5:00 o'clock P.M. on the 17th day of June, 2016.

/s/ Katherine M. Elliott

Megan G. Heeg
Ehrmann Gehlbach Badger Lee & Considine, LLC
215 E. First Street, Suite 100
P.O. Box 447
Dixon, IL   61021
(815) 288-4949
(815) 288-3068 (FAX)
heeg@egblc.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Bankruptcy Under Chapter 7 |
| | ) | |
| DEE A. LAMAN | ) | No. 12 82722 |
| | ) | |
| Debtor. | ) | Judge Thomas M. Lynch |

## MOTION TO EMPLOY SPECIAL COUNSEL FOR THE TRUSTEE

NOW COMES Megan G. Heeg, Trustee, and for her Motion to Employ Special Counsel pursuant to Section 327 of the United States Bankruptcy Code, states as follows:

1. Movant is the duly qualified and acting Trustee in this case.

2. Assets of the Estate include the Debtor's pre-bankruptcy right to recover for injuries related to a vaginal mesh claim.

3. Around the same time Debtor filed her voluntary petition in bankruptcy, Debtor had retained Wexler Wallace LLP in Chicago, Illinois to represent her, as established by a Contingent Fee Agreement (a copy of which is attached as Exhibit A and is incorporated herein by reference).

4. Under the terms of the Agreement, Reno & Zahm LLP was retained as the referring attorney to Wexler Wallace LLP, and Wexler Wallace LLP was retained to serve as lead counsel.

5. To perform her duties as Trustee, Movant requires the services of attorneys to pursue, appear for, and prosecute the Estate's interest in the above-referenced claim.

6. The law firm of Wexler Wallace LLP has no connections with the Debtors, creditors, or any party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee as defined in 11 U.S.C. Section 101(14),

except as follows:   around the time Debtor filed for bankruptcy, the Debtor retained the law firm, as stated above.

7.  Movant requests that Wexler Wallace LLP and Reno Zahm LLP be compensated in accordance with the Contingent Fee Contract attached as Exhibit A.

8.  Attached as Exhibit B is a copy of an affidavit of disinterest, signed by one of the principals of Wexler Wallace, LLP, personally and on behalf of his law firm.

WHEREFORE, Megan G. Heeg, Trustee, prays that she be authorized to employ Wexler & Wallace, LLP to render services in the areas described above with fees and costs listed in the Agreement to be paid as an administrative expense in such amounts as the Court may hereinafter determine and allow.

        Megan G. Heeg, Trustee

        By: Ehrmann Gehlbach Badger Lee & Considine, LLC, her attorneys

        By: /s/ Megan G. Heeg
            Megan G. Heeg

Megan G. Heeg
Ehrmann Gehlbach Badger Lee & Considine, LLC
215 E. First Street, Suite 100
P.O. Box 447
Dixon, IL 61021
(815) 288-4949
(815) 288-3068 (FAX)
heeg@egblc.com

\\EGBLC2\TMDocs\3\160407\PLED\special counsel mot1614.docx

# WEXLER WALLACE
A Limited Liability Partnership
**Attorney Representation Agreement**

### 1. Date and parties

This agreement is made by Dee Laman and Mike Laman (referred to as the client), Wexler Wallace LLP, and Reno & Zahm LLP.

### 2. The claim covered by this agreement

The client retains the attorneys to file suit, or otherwise make a claim against any successor corporation, the manufacturer of Vaginal Mesh, based upon the allegation that manufacturer contributed to causing harm to the client. This includes a loss of consortium claim, if there is one.

### 3. Attorney fee

The client agrees to pay the Attorneys a contingency fee of forty percent (40%) of any recovery, whether by suit, settlement or otherwise. The client owes the attorneys nothing if the claim does not produce any money. Wexler Wallace LLP accepts this case into the Vaginal Mesh litigation for referral from Reno & Zahm LLP. This will entitle Reno & Zahm LLP a referral fee of thirty-three percent (33%) of the total legal fees paid as a result of settlement or verdict in this case.

### 4. Economically unfeasible claim

If the attorneys at any time determine that the claim covered by this agreement is without merit or that the continued pursuit of it is economically unfeasible, the attorneys will notify the client that the claim is rejected, and this agreement will be cancelled. The client will always have the option of seeking the opinion of another attorney regarding representation and pursuit of the claim, even if attorneys believe that the claim should not be pursued. If this happens, the client will owe the attorneys nothing.

### 5. Refusal to accept a recommended settlement

If a settlement offer is made, and the attorneys recommend to the client that the offer be accepted, but the client refuses to accept it, the attorneys are permitted to withdraw from representing the client, unless this cannot be done without prejudicing the claim. The inconvenience of finding replacement counsel and the possibility replacement counsel cannot be found do not, in and of themselves, constitute prejudicing the claim. Withdrawal by the attorneys from a case in which suit has been filed will be in accordance with the applicable court rules. If the attorneys withdraw under these circumstances, and the claim covered by this agreement ultimately results in recovery, the attorneys will be entitled to fair compensation for the work done by them and to reimbursement of expenses advanced by them before withdrawing. Fair compensation in this instance is defined as it is in paragraph 6.

### 6. Discharge of the attorneys

All clients have the continuing right to choose their counsel, and to change counsel if they are not satisfied wit the representation they are receiving. If the client discharges the attorneys at any time, the law provides that the attorneys will be entitled to reimbursement of expenses incurred as of the date of discharge. If the client discharges the attorneys, the attorneys will also be entitled to fair compensation. Fair compensation is defined as the part of the contingent fee which best represents the contribution made and risk assumed by the attorneys

EXHIBIT ___A___

before they were discharged as compared to the contribution made and risk assumed by any new counsel that might be hired. In no event shall any compensation (fee) be paid to attorney unless attorney wins the lawsuit or claim.

### 7. Expenses

The attorneys will advance claim development and litigation expenses. If the claim produces no money, the client is not required to reimburse the attorneys for expenses advanced, unless the failure to recover is a result of the situation explained in paragraph 5 or paragraph 6 of this agreement. Expenses will be repaid from the client's share of any money recovered. The attorneys are permitted to stop advancing expenses if they recommend accepting a settlement offer, and the client refuses to accept it. The attorneys are also permitted to stop advancing expenses if they cancel this agreement in accordance with paragraph 5, or if the client discharges the attorneys.

There will be two classes of expenses: (1) individual expenses, and (2) common benefit expenses. Individual expenses are those incurred specifically for a client's claim, such as charges for the client's own medical records. Common benefit expenses are those which benefit all of the attorney's clients, such as an expert witness report which can be used in all cases, or travel for a common purpose benefiting all clients. Common benefit expenses will be apportioned among all of the attorney's cases, with each paying an equal percentage of the total.

### 8. Right to information

The client is entitled to access to all documents and other things created or received by the attorneys in connection with the claim covered by this agreement. The client is entitled to receive updates on the case regularly. If the client wants information about the case at any time, client need only request such information and it will be promptly provided. An accounting of expenses ordinarily will not be provided to the client until the end of a case. However, interim accountings are available to the client upon request.

### 9. Associate counsel

The attorneys may employ associate counsel at no extra cost to the client to whatever extent the attorneys deem advisable. However, the attorneys listed in this contract will at all times remain responsible to the client for the claim covered by this agreement.

Specifically, client authorizes Wexler Wallace to employ one or more other law firms as Associate Counsel in this matter. There will be no additional attorney's fees due from client as a result of the employment of Associate Counsel. Client understands and agrees that the attorney's fees set forth above will include any fees due to Associate Counsel, which fees will be divided based upon the work performed by each participating firm. You will pay no more in fees with the inclusion of associate counsel than you would pay pursuant to this contract.

### 10. Death

If the client dies before the claim covered by this agreement is resolved, this agreement shall continue in effect between attorneys and the client's heirs, death beneficiaries, and the personal representative of the client's estate. However, continuation of the lawsuit requires the consent of the designated executor or administrator of the client's estate, in the event of the client's death. Also, the heirs would owe no fee to attorneys unless the lawsuit is won.

### 11. Governing law

The law of the State of Illinois will govern any dispute arising as to this contract.

### 12. Subrogation claims
The attorneys are authorized to pay any legally enforceable subrogation claim from the client's share of the proceeds of any settlement or verdict. The attorneys are authorized to hold back part of any settlement for payment of Medicare of other government claims for recovery of medical expenses paid, as required by law.

### 13. Settlement preferred to trial
The attorneys are required to make a reasonable effort to resolve the client's claim by a settlement reached without going to trial. The ultimate decision to settle the case, or not, will be made by the client with the lawyer providing legal advice and opinion.

### 14. Settlement authority
If the client gives the attorneys authority to settle the claim covered by this agreement, and the attorneys make a settlement within the scope of the authority given to them by the client, the client is bound to the settlement and cannot reject it after it has been made.

### 15. Mass Tort
The attorneys are authorized to join with other lawyers representing plaintiffs in order to obtain the benefit of work done on behalf of all such plaintiffs represented by such lawyers.

### 16. Opportunity to read and understand this agreement
The client has had time to read this agreement and to ask the attorneys questions about it before signing it.

### 17. Entire agreement
This document contains all of the terms of representation of the client by the attorneys. There are no oral or written terms of agreement other than those in this document.

*Signatures:*

_____
For Wexler Wallace LLP

_____
For Reno & Zahm LLP

_____
Date

_____
Dee Laman

_____
Mike Laman

7/25/12
Date

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Bankruptcy Under Chapter 7 |
| | ) | |
| DEE A. LAMAN | ) | Case No. 12-82722 |
| | ) | |
| Debtor. | ) | Judge Thomas M. Lynch |

AFFIDAVIT OF EDWARD A. WALLACE PURSUANT TO RULES 2014(a)
2016(b) AND 5002 TO EMPLOY WEXLER WALLACE LLP LAW OFFICE
AS SPECIAL COUNSEL FOR TRUSTEE

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss. |
| COUNTY OF COOK | ) |

Personally appeared before the undersigned officer, duly authorized to administer oaths, Edward A. Wallace, and after being duly sworn, states as follows:

1. I am a member of Wexler Wallace LLP located at 55 West Monroe Street, Suite 3300, Chicago, IL 60603 and in that capacity I have personal knowledge of, and authority to speak on behalf of the firm of Wexler Wallace LLP with respect to the matters set forth herein. This Affidavit is offered in support of the Application of the Trustee for Authorization to Employ Wexler Wallace LLP as special counsel for the Trustee. The matters set forth herein are true and correct to the best of my knowledge, information and belief.

2. Wexler Wallace LLP has no partners, associates or other professional employees who are related to any judge of the United States Bankruptcy Court for the Northern District of Illinois.

3. Wexler Wallace LLP shall be compensated for their services on a contingent fee basis pursuant to terms of the attached agreement.

5. To the best of my knowledge, information and belief, Wexler Wallace LLP does not hold or represent a party that holds an interest adverse to the Trustee nor does it have any connection with the Debtor's creditors, or any party in interest or their respective attorneys and accountants with respect to the matters for which the law firm shall be employed, is disinterested as that term is used in 11 U.S.C. § 101(14), and has no connections with the United States Trustee or any person employed in the Trustee's office, except that said firm has represented the Debtor with respect to her transvaginal mesh claim because, before the Estate became aware of this asset, Debtor had retained Wexler Wallace LLP to represent her in connection with the litigation which is the subject of the Motion to Employ Special Counsel.

6. I understand and agree that:

EXHIBIT    B

A. My firm and I are obligated to keep the Trustee fully informed as to all aspects of this matter, as the Bankruptcy Estate is my client until such time as the claim in question is abandoned by the Trustee, as shown by a written notice of such abandonment.

B. All proceeds of any settlement or recovery must be paid to the Trustee in the first instance, and none may be disbursed without approval in writing of the Trustee or an Order of the Bankruptcy Court.

C. If this application for appointment is approved, any fees or reimbursement of costs from the proceeds of any recoveries will be paid by the Trustee only after approval of the Bankruptcy Court.

D. No settlements may be entered into or become binding without the approval of the Bankruptcy Court and the Trustee, after notice to the Trustee, creditors and parties in interest.

E. All issues as to attorneys' fees, Debtor's exemptions, the distribution of any recovery between the Debtor and the Trustee or creditors, or any other issue which may come to be in dispute between the Debtor and the Trustee or creditors are subject to the jurisdiction of the Bankruptcy Court. Neither I nor any other attorney or associate of the Firm will undertake to advise or represent the Debtor as to any such matters or issues. Instead, the Firm will undertake to obtain the best possible result of the claim, and will leave to others any advice or representation as to such issues.

F. The Firm is not authorized to grant any lien upon, offer to protect payment of any claim for medical or other services out of, or otherwise pledge or encumber in any way any part of any recovery without separate Order of this Court, which may or may not be granted.

G. Authorization to hire experts. As part of this representation, I will need to hire experts to advise and assist in the conduct of this litigation, specifically medical experts, liability or forensic experts, vocational or economic experts, or other experts on issues of liability or damages. In this regard, I agree that:

  i. My Firm or I will pay or advance any fees or cost retainers required by such experts with the understanding that such payment or advance will be included as a cost in any subsequent fee application my Firm or I make to this Court; and

2

  ii. Before entering into any such retention or paying any initial fees or costs, I will consult with the Trustee, provide the Trustee any information requested including estimates of total costs and fees, provide a copy of any fee agreements, and obtain the Trustee's advance written approval to the proposed terms of retention.

  iii. I will see that copies of any bills submitted by such experts are submitted to the Trustee when I receive them and a reasonable time before I or my Firm pays them, and are approved in advance, by the Trustee, in writing.

  iv. Such fees or expenses of such experts are subject to reimbursement only by the Bankruptcy Estate, upon approval of this Court, to be paid as an administrative expense in this Bankruptcy case pursuant to 11 U.S.C. § 726, out of proceeds of any settlement or recovery in the litigation my Firm and I will be handling.

_____
Edward A. Wallace

Signed and sworn to before
me this 9 day of June, 2016.

_____
Notary Public

Notary Public, State of Illinois
My commission: 04/17/2017

```
OFFICIAL SEAL
LOURDES RIVERA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/17/17
```

\\EGBLC2\TMDocs\J\160407\PLED\special counsel affidavit0935.docx

3